Estevan MONTANEZ and Maria De La Luz Montanez; Juan Martinez and Rosalia Martinez; and Gloria Herrera, Individually and for and on Behalf of Those Persons Entitled to Recover Under the Texas Wrongful Death Act, Plaintiffs,

v.

Kenneth FOSTER, Etta Foster, James Foster, Raford Foster, Wayne Foster and Jim Foster, Defendants.

Civ. A. No. L–83–1.

United States District Court,
S.D. Texas,
Laredo Division.

Feb. 14, 1983.

Van Huseman, White, Huseman, Pletcher & Powers, David M. Neipert, Corpus Christi, Tex., for plaintiffs.

Olan A. Keeter, Head & Kendrick, Corpus Christi, Tex., for defendants.

ORDER

KAZEN, District Judge.

Pending before the Court is Defendants' motion to dismiss or transfer this case, either because venue does not lie in the Laredo Division of the Southern District of Texas or because transfer is appropriate for the convenience of the parties and witnesses and in the interests of justice. 28 U.S.C. § 1406(a); 28 U.S.C. § 1404(a) (1976). All of the Plaintiffs are residents of Mexico. Three Defendants are residents of the San Antonio Division of the Western District of Texas. The remaining three Defendants are residents of the Corpus Christi Division of the Southern District of Texas. The incident which gave rise to this cause of action took place in the Corpus Christi Division.

■■■ The applicable venue provision is 28 U.S.C. § 1393(b), which reads as follows:

> Any such action against defendants residing in different divisions of the same district or different districts in the same State, may be brought in any of such divisions.

There is little case law interpreting this provision and admittedly it is not a model of clarity. Nevertheless, the Court is convinced that where there are multiple defendants residing in different districts in the same state, the statutory language placing venue in "any of such divisions" means

any division in which any defendant resides. *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3809. Plaintiffs apparently read this section to provide for venue in any division in any of the districts where such defendants reside. No authority is cited for this interpretation and the Court finds it to be a rather strained one. The final phase of § 1393(b), "such divisions", must necessarily refer to the earlier phrase "defendants residing in different divisions" or else it is meaningless. Therefore, under § 1393(b), venue does not lie in the Laredo Division. Accordingly, it is hereby ORDERED that this suit be transferred to the Corpus Christi Division.